BOARDMAN, Judge.
Manuel Alvarez appeals the forfeiture of his automobile following the arrest of Rolando Febles, who was using the car to transport marijuana. Although the trial court found that appellant had consented to Febles’ using the vehicle, no knowledge on the part of appellant of Febles’ illegal activities was shown.' We reverse.
On May 3, 1978, Rolando Febles was arrested by a Collier County deputy sheriff and charged with possession of more than 100 pounds of cannabis with intent to distribute. At the time of his arrest, Febles was driving a 1975 Pontiac' Grand Prix owned by appellant.
At the forfeiture hearing, appellant testified that Febles had borrowed the Pontiac several times prior to the incident in question, but that on this occasion Febles had obtained possession of the vehicle from appellant’s mother-in-law without appellant’s knowledge or consent. Appellant further testified that he had no knowledge that Febles had used the Pontiac illegally in the past.
The trial judge, after ruling that the sole question involved was whether Febles was operating the vehicle with appellant’s consent, found that Febles did have appellant’s consent to use the vehicle and ordered the car forfeited.
The state’s action for forfeiture of appellant’s automobile was instituted pursuant to the Florida Uniform Contraband Transportation Act, Sections 943.41-.44, Florida Statutes (1977). The provisions of the act pertinent hereto provide:
943.43 Forfeiture of vessel, motor vehicle, or aircraft; exceptions. Any vessel, motor vehicle, or aircraft which has been or is being used in violation of any provision of s. 943.42 or in, upon, or by means of which, any violation of said section has taken or is taking place shall be seized and may be forfeited. No vessel, motor vehicle, or aircraft used by any person as a common carrier in the transaction of business as a common carrier nor any other vessel, motor vehicle, or aircraft shall be forfeited under the provisions of ss. 943.41-943.44, unless the owner or person legally in charge of such vessel, motor vehicle, or aircraft was at the time of the alleged illegal act a consenting party or privy thereto. .
943.44 Forfeiture proceedings.
(1) The State Attorney within whose jurisdiction the vessel, motor vehicle, or aircraft has been seized because of its use or attempted use in violation of any provisions of law dealing with contraband as herein defined may proceed against the vessel, motor vehicle, or aircraft by rule to show cause in the circuit court within the jurisdiction in which the offense occurred and may have such vessel, motor vehicle, or aircraft forfeited to the use of, or to be sold by, the law enforcement agency making the seizure, upon producing due proof that the vessel, motor vehi *1121 cle, or aircraft was being used in violation of the provisions of said law. However, the provisions of this section shall not apply to innocent parties or destroy any valid lien or retain title contract on vessels, motor vehicles, or aircraft as defined by existing registration law, and the notation of a lien upon the face of the certificate of title shall be deemed prima facie valid. The seizing agency may release said vessel, motor vehicle, or aircraft to the innocent party or lienholder upon the filing of a sworn affidavit by said innocent party or lienholder that he had no knowledge of the alleged violation causing such seizure and upon then producing a valid certificate of title. (Emphasis supplied.)
The trial judge evidently believed that under Sections 943.42-.44 all that was necessary to justify forfeiture of appellant’s car was a finding that Febles had appellant’s consent to use the vehicle. We do not agree. Section 943.44 clearly provides that its provisions “shall not apply to innocent parties.” This court recently interpreted this provision in One 1973 Cadillac v. State, 372 So.2d 103 (Fla.2d DCA 1979). In that case, in an opinion written by Chief Judge Grimes, we held that when the state seeks forfeiture of a vehicle for the transportation of contraband and the vehicle was being operated by someone other than the owner, it is incumbent upon the state to show that the owner had knowledge, either express or implied, of the illegal use of his automobile. No such showing was made here. We therefore hold that appellant was an “innocent owner” and that there was no basis for forfeiture of his Pontiac.
Accordingly, the order of forfeiture is REVERSED and the cause REMANDED with directions that the trial court enter an order releasing the vehicle.
GRIMES, C. J., and SCHEB, J., concur.