Don McDORMAN, Appellant,

v.

STATE of Texas, Appellee.

No. 11–87–250–CV.

Court of Appeals of Texas,
Eastland.

Sept. 15, 1988.

Rehearing Denied Oct. 20, 1988.

James Pearson, Ponder & Pearson, Sweetwater, for appellant.

Peter F. Sheridan, Nunn, Griggs, Wetsel & Jones, Carl M. Anderson, County Atty., Sweetwater, for appellee.

## OPINION

ARNOT, Justice.

Don McDorman appeals a judgment ordering the forfeiture of his 1982 Datsun pickup truck pursuant to the Texas Controlled Substances Act, TEX.REV.CIV. STAT.ANN. art. 4476–15, sec. 5.03 (Vernon Supp.1988). He complains that the State failed to show his actual consent for the illicit use of his truck; that there is no evidence or, in the alternative, insufficient evidence that heroin was concealed in his truck; and that the trial court erred in the admission of certain evidence and testimony which was immaterial, irrelevant, or, alternatively, called for a conclusion. We affirm the judgment of the trial court.

Appellant's son, Charles Howard McDorman, was arrested for violating the Texas Controlled Substances Act. An undercover police officer had made arrangements to buy heroin from Charles. On February 9, 1987, the officer went to Charles' place of employment to pick up the heroin. Charles left the store and went to the 1982 Datsun pickup truck (which belonged to his father but which was furnished for his use in connection with his employment at his father's furniture store). The truck was parked just outside the store and in front of the undercover officer's automobile. After rummaging around for a few moments in the truck, Charles walked to the officer's car, took the heroin out of a cigarette pack, and gave it to the officer.

In its findings of fact, the trial court found from a preponderance of the evidence that:

[Appellant] at the time of and prior to such use [to transport, possess, or conceal the contraband] did not have *actual knowledge* of such use ... *did not actually consent* to such use and was not a party to an offense ... [but that appellant] gave his *implied consent* to [Charles] McDorman's use of the truck for the purpose of transporting, possessing, or concealing [the contraband]. (Emphasis added).

The trial court ordered the truck forfeited.

Appellant does not complain that the trial court's findings are conflicting nor does he complain of the factual or legal sufficiency of the evidence to support the finding of implied consent. Rather, in his first two points of error, appellant urges that Section 5.03 of Article 4476-15 requires the State to show the owner of the vehicle gave "actual consent," not "implied consent," to the use of the vehicle.

The pertinent part of Section 5.03(a)(5) and (b) provides:

(a) The following are subject to forfeiture as authorized by this subchapter:

(5) any conveyance ... that is used or intended for use to transport or in any manner facilitate the transportation, sale, receipt, possession, concealment, or delivery of any property ... provided that no conveyance used by any other person shall be forfeited under this subchapter unless the owner or other person in charge of the conveyance is a consenting party, *or* privy to an offense under this Act that is punishable as a felony....

(b) No property shall be forfeited under this subchapter by reason of any act established by the owner thereof to have been committed *without his knowledge or consent.* (Emphasis added)

■ Because a statute imposing a forfeiture as a penalty is to be strictly construed in determining whether it applies to persons or actions not clearly included in the statute, appellant argues that "actual consent" must be found because "implied consent" is not clearly included in the statute. *Amrani–Khaldi v. State,* 575 S.W.2d 667 (Tex.Civ.App.—Corpus Christi 1978, no writ). We disagree. While consent may be shown by direct evidence, it may also be shown by circumstantial evidence. If consent is implicitly shown by circumstantial evidence, then "implied consent" is sufficient under the statute.

In *Alvarez v. State,* 374 So.2d 1119 (Fla. Dist.Ct.App.1979), a Florida case interpreting a similar forfeiture statute, the court held: "[I]t is incumbent upon the State to show that the owner had knowledge, either *expressed or implied,* of the illegal use of his automobile." (Emphasis added) Finding no Texas case directly on point, *Alvarez* is instructive in the present case. Further, the State has a compelling interest to suppress illicit drug traffic. The State would seldom be able to meet a burden of express consent or actual knowledge. The difficulty of enforcing the law would thus be greatly increased, and the forfeiture of a vehicle almost always evaded. See *State v. Richards,* 157 Tex. 166, 301 S.W.2d 597 (1957).

■ Moreover, it is the burden of the owner to establish that the act which subjected the vehicle to forfeiture was committed without his knowledge or consent. *Gaston v. State,* 641 S.W.2d 261 (Tex.App.—Houston [14th Dist.] 1982, no writ). Appellant's first two points of error are overruled.

■ Appellant urges in Points of Error Nos. 3, 4, and 5 that there is either no evidence or, in the alternative, insufficient evidence to support the finding that appellant's truck was used by Charles McDorman to transport, possess, or conceal heroin.

The test standard as stated in *Shults v. State,* 696 S.W.2d 126 (Tex.App.—Dallas 1985, writ ref'd n.r.e.), is as follows:

A "legally insufficient" point is a "no evidence" point presenting a question of law. In deciding that question, the appellate court must consider only the evidence and their inferences tending to support the finding and disregard all evidence and inferences to the contrary.... In reviewing "factually insufficient evi-

dence" points we consider all the evidence, including any evidence contrary to the judgment. *Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex.1980).

Officer Pat Hastings testified when Charles came out, he:

[W]alked to his vehicle, unlocked it, opened it, went inside of it, made movement around in the vehicle, got out of his vehicle, got into mine and handed me the pack.

Hastings further testified that Charles got a pack of cigarettes from the truck and later got the packet of heroin from the pack of cigarettes.

On cross-examination, the officer further testified as follows:

Q: All right. But, it was obvious he didn't get any heroin for you that night, did he?

A: He did not deliver any to me that night, no, Sir.

Q: And you don't know whether he got it that night or how he got it or when he got it or how he came into possession of it, do you?

A: All I know is what he told me, Sir.

Q: I know. But, that's hearsay. But, what I'm asking you is you don't know and you're not telling this Court that he ever used this vehicle to transport heroin?

A: Yes, Sir, I know that he did.

In first examining appellant's no evidence point, we find that there is evidence of probative value that the truck was used to transport or conceal illegal drugs. We next examine appellant's factual sufficiency points. The night before the arrest, the officer made arrangements to purchase the drugs. Charles McDorman left in the vehicle to purchase the drugs. He did not return that night. The vehicle was his primary source of transportation. The next day, he did not have the drugs on him in his father's store. He went outside the store, entered the vehicle in question, fumbled around inside it, then went to the undercover agent, and furnished the contraband. We find that the evidence is factually sufficient to support the court's findings. Appellant's Points of Error Nos. 3, 4, and 5 are overruled.

 Next, in his sixth point, appellant complains that the evidence of prior drug possessions is immaterial and irrelevant. We disagree. The evidence of the prior drug possessions was admissible as part of the circumstantial evidence to show implied consent.

Further, in his seventh point, appellant complains that the following answer is speculative on the part of the officer:

Q: All right. Now, in your supplementary report, you say suspect came out and went to his pickup, moved around as if getting something. You don't know if he got anything, do you? You don't know what he got, you don't know of your own knowledge what he got out of that car, do you; you don't know whether it was a package of cigarettes or what it was.

A: I have a good suspicion, but, no, Sir.

Q: I know. But, we're not going on suspicion. You just don't know personally of your own knowledge, do you?

A: No, Sir.

Q: But, at any rate, he came and got into your vehicle?

A: Yes, Sir.

The officer's testimony was based on his observation and did not call for a speculative answer or conclusion of the witness.

Moreover, even if there was evidence which was improperly admitted, the trial was before the court without a jury, and there is other evidence to support the judgment; therefore, it will be presumed that the improper evidence was not considered by the trial court. *Texas Employers' Ins. Ass'n v. Polk,* 269 S.W.2d 582, 584 (Tex.Civ.App.—Eastland 1954, writ ref'd n.r.e.). Appellant's sixth and seventh points of error are overruled.

The judgment of the trial court is affirmed.