**McKinley ALEXANDER and Leadlow, Inc., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 13–90–059–CV.**

Court of Appeals of Texas, Corpus Christi.

Jan. 31, 1991.

Rehearing Overruled Feb. 28, 1991.

E. Dale Robertson, Brownsville, for appellants.

Luis V. Saenz, County Crim. Dist. Atty., John A. Olson, and Oscar Ponce, Asst. County Attys., Brownsville, for appellee.

Before BENAVIDES, KENNEDY and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

McKinley Alexander and Leadlow, Inc. appeal the forfeiture of a tractor truck and semi-trailer. By sixteen points of error, appellants challenge jurisdiction, the admission of certain testimony, and some of the trial court's findings. We reverse the trial court's judgment.

Pursuant to an informant's tip, Harlingen law enforcement officers discovered 1,798 pounds of marihuana in a 1982 Utility semi-trailer which was attached to a 1982 International tractor truck. Three individuals, including appellant Alexander's son, were arrested in connection with the seizure of the marihuana. The State instituted forfeiture proceedings, and after a bench trial, the court ordered forfeiture. According to the findings of fact entered by the trial court, Alexander was the owner of the truck, and Leadlow was the owner of the trailer. In three separate findings, the trial court also found that Alexander gave "implied consent" for the truck to be used to transport the marihuana and that Leadlow gave "implied consent" and "consent" for the trailer to be used to transport the marihuana.

We first address appellants' sixteenth point of error in which they contend that the trial court erred in overruling their plea in bar that the State's claim was barred for failure to obtain a trial setting within thirty days of the filing of appellants' answer. Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 5.07(a) (Vernon Supp.1989) (repealed effective September 1, 1989), provid-

ed, in part: "If an answer is filed, a time for hearing on forfeiture shall be set within 30 days of filing of the answer and notice of hearing shall be sent to all parties." This provision is mandatory, not discretionary; the State must secure a setting for the hearing within thirty days. *See Lopez v. State,* 797 S.W.2d 272, 273 (Tex.App.— Corpus Christi 1990, writ denied); *State v. One (1) 1986 Nissan Auto.,* 792 S.W.2d 577, 578–79 (Tex.App.—El Paso 1990, no writ). This section also requires that the answer filed be verified. Tex.Rev.Civ.Stat. Ann. art. 4476–15, § 5.07(a).

The State's original petition and notice of seizure and intended forfeiture was filed on December 20, 1988. Appellants' original answer was filed March 13, 1989. Appellants' answer, however, was not verified. Subsequently, on July 31, 1989, the State filed its first amended petition. At this time, the State also specially excepted to appellants' answer on the grounds that it was not verified. The trial court granted the special exception, ruling that appellants' answer was not proper, and gave them thirty days to file a proper answer. On September 26, 1989, appellants filed their amended answer which was verified. Then, on October 20, 1989, the State filed its motion for trial setting. On October 24, 1989, the trial court set the hearing for November 30, 1989.

Appellants argue that the thirty day limit in which the State is to request a trial setting started to run on March 13, 1989. We disagree. The statute has been construed strictly to require the hearing be set within thirty days of the filing of the answer. It follows that the statute be construed strictly to require that the answer from which the thirty days runs be the answer required by the statute, a verified answer. We find no sense in a construction that requires the State to secure a setting for a hearing when the forfeiture issue has not been joined by a verified answer as the statute requires. The right to an expedited proceeding is triggered by the filing of a verified answer. Once appellants filed their verified answer, the State had thirty days in which to obtain a setting for the hearing. The State met this re-

quirement on October 24, 1989, when the trial court set the hearing. Hence, the State's claim was not barred. Appellants' sixteenth point of error is overruled.

■ By their first and second points of error, appellants contend that the trial court erred in entering judgment based on findings that Alexander and Leadlow gave implied consent that the truck and trailer be used to transport marihuana because Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 5.03 (Vernon Supp.1989) (repealed effective September 1, 1989) did not provide for implied consent as a basis for forfeiture. Section 5.03(a)(5) provides for the forfeiture of

> any ... vehicles ... that [are] used or intended for use to transport or in any manner facilitate the transport, sale, receipt, possession, concealment, or delivery or any property described in paragraph (1), (2), or (3) of this subsection, provided that no conveyance used by any other person shall be forfeited under this subchapter unless the owner or other person in charge of the conveyance is a *consenting* party or *privy to an offense* under this act.... (emphasis ours).

Appellants argue that this statute is unambiguous and certain and that in order for forfeiture to be permitted, the evidence must show that the owner consented to the unlawful use of the vehicle or was privy to the offense. They contend that the trial court's finding of implied consent will not provide a basis for forfeiture. Appellants point out that § 5.03(a)(5) does not contain the term "implied consent" and that the trial court did not explain what it meant by implied consent. The State contends that the phrase "privy to an offense" is equated with implied consent and supports the judgment of forfeiture. It relies on the definitions of "privy" found in Black's Law Dictionary and Barron's Law Dictionary.

■ When the language of a statute is unambiguous, we must seek the legislative intent as found in the plain and common meaning of the words and terms used. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 352 (Tex.1990). Similarly, in construing a statute, if the Legislature does not define a term, its ordinary meaning will be

applied. *Hopkins v. Spring Indep. School Dist.*, 736 S.W.2d 617, 619 (Tex.1987); *see also* TEX.GOV'T CODE ANN. § 312.002(a) (Vernon 1988). None of the words in question is defined in the statute. To determine the ordinary meaning of the words we will consult generally accepted sources of the common and legal definitions of the words in question. *Yates Ford, Inc. v. Benavides*, 684 S.W.2d 736, 739 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

Black's Law Dictionary designates "privy" as a noun, and defines it as a person who is in privity with another. BLACK'S LAW DICTIONARY 1080 (5th ed.1979). "Privity" is defined as private knowledge; joint knowledge with another of a private concern; cognizance implying a consent or concurrence. BLACK'S LAW DICTIONARY 1079 (5th ed.1979). Webster's New Twentieth Century Dictionary Unabridged designates "privy" as an adjective, and defines it as privately knowing; admitted to the participation of knowledge with another of a secret transaction. WEBSTER'S NEW TWENTIETH CENTURY DICTIONARY UNABRIDGED 1432 (2d ed.1980). Webster's New Collegiate Dictionary designates "privy" as an adjective, and defines it as admitted as one sharing in a secret, and gives the example of one who is privy to a conspiracy. WEBSTER'S NEW COLLEGIATE DICTIONARY 909 (1981).

■ Based on these definitions, we conclude that the phrase "privy to an offense" means admitted as one sharing such knowledge with another regarding an offense under this statute to the extent that consent to use the property in question could be implied. In other words, this phrase relates directly to an owner's knowledge of an offense and establishes the type of knowledge required. The knowledge must be of the offense and substantial enough that the use of the property in carrying out the offense is impliedly consensual. Hence, "implied consent" could relate to "privy to an offense" only to the extent that it is an element of the test to determine whether an owner had knowledge sufficient to support a forfeiture. That the use of the vehicle was impliedly consensual

is not sufficient in itself to support forfeiture under "privy to an offense."

The State also argues that implied consent is consent which is shown by circumstantial evidence. In support of this contention, the State cites *McDorman v. State*, 757 S.W.2d 905 (Tex.App.—Eastland 1988, writ denied). *McDorman* was also a forfeiture case, and at the time it was appealed, the forfeiture statute precluded forfeiture under the chapter by reason of any act established by the owner to have been committed without his knowledge or consent. *McDorman*, 757 S.W.2d at 907. Although the Court was aware that the forfeiture statute was to be construed strictly, it stated that "[i]f consent is implicitly shown by circumstantial evidence, then 'implied consent' is sufficient under the statute." *Id.* Instead of applying Texas rules of statutory construction to justify this conclusion, the court relied on a Florida court of appeals opinion in a forfeiture case in which the Florida court determined that "knowledge" included expressed and implied knowledge. *Id.* We find *McDorman* neither instructive nor controlling regarding the position taken by the State that implied consent is consent which is shown by circumstantial evidence.

"Implied consent" is "[t]hat manifested by signs, actions or facts, or by inaction or silence, which raise a *presumption* that the consent has been given." BLACK'S LAW DICTIONARY 276 (5th ed.1979) (emphasis ours). As an example of implied consent, Black's Law Dictionary refers to those corporations which do business in a state as impliedly consenting to the state's jurisdiction even though not incorporated in that state. *Id.* at 276–77. It also uses as an example those state statutes which imply the consent of one who drives upon a state's highways to submit to tests measuring the alcoholic content of the driver's blood. *Id.* at 277. The sole effect of presumptions is to fix the burden of producing evidence. *McGuire v. Brown*, 580 S.W.2d 425, 431 (Tex.Civ.App.—Austin 1979, writ

ref'd n.r.e.). Presumptions are rules for the guidance of trial judges in locating the burden of producing evidence at a certain time. *Allred v. Harris County Child Welfare Unit*, 615 S.W.2d 803, 806 (Tex.Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *McGuire*, 580 S.W.2d at 431. A presumption is a rule which the law makes upon a given set of facts. *Strain v. Martin*, 183 S.W.2d 246, 247 (Tex.Civ.App.— Eastland 1944, no writ); BLACK'S LAW DICTIONARY 1067 (5th ed.1979).

Circumstantial evidence gives rise to an inference. *See Strain*, 183 S.W.2d at 247. An inference, as distinguished from a presumption, is a conclusion or deduction of fact which, with reason and common experience, the fact finder draws from facts which have been established by the evidence in the case. *See Strain*, 183 S.W.2d at 247; BLACK'S LAW DICTIONARY 700 (5th ed.1979).

We conclude that a finding of consent which is based on circumstantial evidence is a finding of *consent* which has been inferred from that evidence and is not a finding of implied consent. Moreover, the statute contains no provision for implied consent nor does it create a presumption of consent. This statute prohibits forfeiture unless the owner is a consenting party or privy to an offense. Hence, the initial burden is on the State to prove consent to the unlawful use or knowledge of the offense.[1]

Moreover, our decision to construe strictly the forfeiture statute and to read it narrowly such that implied consent is insufficient for forfeiture is consistent with past strict construction of the statute. *See 56,-700 Dollars in United States Currency v. State*, 710 S.W.2d 65, 69 (Tex.App.—El Paso 1986) *rev'd on other grounds*, 730 S.W.2d 659. Conversely, if we consider the statute to be designed to relieve an owner from the rigors of forfeiture, our decision is in accord with those which liberally construe such a statute to accomplish that purpose. *See Freels v. Walker*, 120 Tex.

---

1. The 1976 version of Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 5.03(b), now repealed, put the burden of proving lack of consent on the owner by specifically requiring the owner to establish that the offense had been committed without his knowledge or consent. *Gaston v. State*, 641 S.W.2d 261, 263 (Tex.App.—Houston [14th Dist.] 1982, no writ).

291, 26 S.W.2d 627, 629 (1930); *Jim Walter Homes, Inc. v. Gibbens,* 608 S.W.2d 706, 711 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.). We hold that art. 4476–15, § 5.03 does not provide for "implied consent" as a basis for forfeiture. The trial court erred in entering a judgment based on a finding that Alexander gave implied consent to use the truck to transport marihuana. Likewise, insofar as implied consent applies to Leadlow, the trial court erred in entering judgment against it, based on a finding that it gave implied consent to use the trailer to transport marihuana. Accordingly, we sustain appellants' first two points of error.

■ Notwithstanding our conclusion that the trial court's findings will not support its judgment, we address appellants' points of error regarding the legal sufficiency of the evidence. By their points of error three, six, and nine, appellants contend that there is no evidence to support the trial court's findings that Alexander gave "implied consent" or that Leadlow gave either "implied consent" or consent. In reviewing an attack on the legal sufficiency of the evidence or a "no evidence" point, we consider only the evidence and reasonable inferences that tend to support the findings and disregard all evidence and inferences to the contrary. *Best v. Ryan Auto Group, Inc.,* 786 S.W.2d 670, 671 (Tex.1990); *Responsive Terminal Sys., Inc. v. Boy Scouts of Am.,* 774 S.W.2d 666, 668 (Tex.1989). If there is any evidence of probative force to support the finding, the point must be overruled and the finding upheld. *Southern States Trans., Inc. v. State,* 774 S.W.2d 639, 640 (Tex.1989).

■ To show that Alexander gave consent to have his truck used to transport marihuana, the State relies on phone calls which were made from Alexander's son's hotel room in Harlingen to Alexander's home and office. They also rely on the fact that Alexander knew that his son had previously been arrested for a marihuana related offense. To reach an inference from this evidence that Alexander gave consent for his truck to be used to transport marihuana, we would have to infer who made the telephone calls, who received the telephone calls, and then, most importantly, what the contents of the calls were. This final inference can only be drawn from inferred facts. A vital fact may not be established by piling inference upon inference. *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.,* 435 S.W.2d 854, 858 (Tex.1969); *see also Tanner v. BDK Prod. Co.,* 671 S.W.2d 941, 945 (Tex.App.—Corpus Christi 1984, no writ).

■ Similarly, the evidence upon which the State relies to show that Leadlow gave consent is a hotel receipt from the Motel 6 in Harlingen in the name of Burns Alexander, the president of Leadlow. Alexander's son and his companions stayed at the Horizon Inn in Harlingen. To infer that Leadlow gave consent to use the trailer to transport marihuana, it must be inferred that Burns knew that the others were in Harlingen, that he contacted them, and the contents of any discussion they may have had. As before, such an inference is impermissible. *See Schlumberger,* 435 S.W.2d at 858.

The State's circumstantial evidence may show that appellants gave consent to use the vehicles, but evidence that phone calls were made to Alexander's home and office and that Burns was in the same geographic area is not evidence that they knew that the vehicles were to be used for an unlawful purpose or that they had knowledge or were privy to an offense under the forfeiture statute. We sustain appellants' third, sixth, and ninth points of error challenging the legal sufficiency of the evidence to support forfeiture.

■ Although our disposition of appellants' points of error one through three, and six and nine, effectively disposes of this appeal, appellants have addressed other error which would require a reversal. By its twelfth and thirteenth points of error, appellants contend that the trial court abused its discretion in allowing Rogelio Escaname's testimony because the State failed to show good cause for its failure to timely identify him in response to appellants' discovery requests.

The record shows that appellants served the State with interrogatories on March 14, 1989. Included in these interrogatories were requests for persons with knowledge of relevant facts, names of persons who were witnesses to the search, and names of persons who investigated the alleged offenses. The State did not file objections nor did it seek protection from the discovery requests. These were not answered by the State until the day of trial. Subsequently, when the State called Rogelio Escaname, appellants objected to the admission of Escaname's testimony on the basis that the State had not responded timely to the discovery. The trial court nonetheless admitted Escaname's testimony on the basis that appellants had not sought sanctions against the State for its failure to answer.

■■■ The State argues that appellants failed to object to discovery requests on the first day of proceedings and therefore waived any objections. We disagree. A trial objection is sufficient to preserve an objection to testimony of a witness who is not properly identified in discovery. *Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669, 671 (Tex.1990). Appellants did not waive error regarding the admission of Escaname's testimony; appellants' attorney's objection at trial at the time Escaname's testimony was offered preserved the error.

Once it was shown that the State failed to respond timely to appellants' written interrogatories, the exclusion of evidence should have been automatic. *See Gutierrez v. Dallas Indep. School Dist.*, 729 S.W.2d 691, 694 (Tex.1987); *Tinkle v. Henderson*, 777 S.W.2d 537, 539 (Tex.App.—Tyler 1989, no writ); Tex.R.Civ.P. 215(5). The trial judge, however, declined to exclude the evidence because appellants had not filed a motion for sanctions to compel the State to respond timely to the interrogatories. The trial court's admission of Escaname's testimony simply because appellants had not filed a motion for sanctions prior to trial was error. *See Sharp*, 784 S.W.2d at 671–72.

■■■ Moreover, since the State did not timely respond to the interrogatories,

the State had the duty to show good cause sufficient to require the admission of the testimony. *Sharp*, 784 S.W.2d at 671; *K-Mart v. Grebe*, 787 S.W.2d 122, 126 (Tex. App.—Corpus Christi 1990, writ denied). First, there must be a showing of good cause for the offering party's failure to timely respond to proper discovery requests. *K-Mart*, 787 S.W.2d at 126. Second, good cause must be established for allowing the testimony. *Id.* Determination of good cause is within the discretion of the trial court and can only be set aside if that discretion is abused. *Clark v. Trailways, Inc.*, 774 S.W.2d 644, 646 (Tex. 1989); *Morrow v. H.E.B.*, 714 S.W.2d 297, 298 (Tex.1986); *K-Mart*, 787 S.W.2d at 126.

■■■ The State's attorney offered no explanation why the answers to interrogatories had not been answered before trial or why they had not been proffered to appellants' attorney once they had been prepared nor did the State show good cause for admitting Escaname's testimony. Therefore, the trial court abused its discretion in allowing Escaname's testimony.

■■■ Because we have determined that the trial court erred in admitting Escaname's testimony, we must determine whether that error is reversible. *See K-Mart*, 787 S.W.2d at 127. Escaname was the only witness to testify that the tractor-truck and the trailer had been used to transport marihuana; he provided the only evidence that an offense under the Act had occurred. Since Escaname's testimony was essential to a material issue in the forfeiture proceeding, the admission of his testimony without a showing of good cause was reversible error. *See* Tex.R.App.P. 81(b)(1). Appellants' twelfth and thirteenth points of error are sustained.

Because of our disposition of appellants' first through third, and sixth and ninth points of error, the judgment of the trial court is reversed and rendered that the State take nothing by its forfeiture action.