Mrs. Nell Edith LONG, Individually and as Independent Executrix of the Estate of Jon R. Long, Appellant,

v.

Mrs. Gene M. HALL, a Feme Sole, Appellee.

No. 4333.

Court of Civil Appeals of Texas.

Waco.

April 1, 1965.

Wade, Davis, Callaway & Marshall, Thorp A. Andrews, Ft. Worth, for appellant.

Nowlin Randolph, Robert L. Cole, Jr., Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal from an order overruling a plea of privilege.

Plaintiff, Mrs. Hall, brought this suit in Harris County against defendant, Mrs. Long, individually and as independent executrix of the estate of Jon R. Long, deceased, for damages for the wrongful sequestration of a Plymouth automobile, and for damages for conversion of a Cadillac automobile.

Defendant filed her plea of privilege to be sued in Tarrant County, the county of her residence. Plaintiff filed her controverting plea asserting venue in Harris County under subdivisions 8 and 9, Article 1995 Vernon's Ann.Tex.Civ.St. After hearing, the Trial Court overruled defendant's plea of privilege.

Defendant appeals, contending the Trial Court erred in overruling her plea of privilege because:

1) Plaintiff failed to make out a prima facie case of conversion or wrongful sequestration.

2) Defendant's proof of title to the 2 automobiles in the estate of Jon R. Long, deceased, was not rebutted by plaintiff.

3) Plaintiff failed as a matter of law to prove title or right of possession to either of the two automobiles.

Plaintiff's suit alleged that defendant wrongfully converted a Cadillac automobile which belonged to plaintiff; and wrongfully sequestered a Plymouth automobile which belonged to plaintiff; both occurrences taking place in Harris County. The record reflects that defendant is a resident of Tarrant County, and the surviving wife and executrix of Jon R. Long, deceased; that title to both the 1962 Cadillac and 1962 Plymouth automobiles was in Jon R. Long, deceased, as well as the registration for each year; that Jon R. Long handed his wife the keys to the Cadillac when he was in the hospital prior to his death, and she discovered the title papers to both automobiles in his office in Ft. Worth; that defendant and a Mr. Haberle went to Houston and picked up the Cadillac from

plaintiff without protest. Plaintiff thereafter filed a suit claiming ownership of both the Cadillac and Plymouth. Defendant filed a cross action for the Plymouth and caused it to be sequestered by the sheriff of Harris County. Thereafter, plaintiff took a non suit in her suit, and defendant subsequently took a non suit on her cross action. Plaintiff testified she had possession of both the Cadillac and Plymouth; that she used them to go to work and for normal uses; that she claimed ownership of the 2 cars; that when defendant came to get the Cadillac she said: "Well it is my car, but if you are going to take it, there is nothing I can do about it"; and further said "I feel like this is my car."

To maintain venue in Harris County, plaintiff had the burden of proving that a conversion and wrongful sequestration had taken place in Harris County. All occurrences took place in Harris County, so plaintiff's burden was actually to prove ownership or right to possession of the 2 automobiles. The certificate of title (and all registration certificates) showed ownership in Jon R. Long, deceased. The certificates of title created a presumption of ownership and right to possession in the estate of Jon R. Long. Manning v. Miller, Tex.Civ.App., 206 S.W.2d 165, n. r. e.; Pritchett v. Highway Ins. Underwriters, 158 Tex. 116, 309 S.W.2d 46; Hoskins v. Carpenter, Tex.Civ.App., 201 S.W.2d 606, (n. r. e.). Plaintiff's unexplained possession and her testimony that she claimed the cars and felt like they were hers in no way rebuts the presumption of ownership and right to possession established in defendant. Plaintiff offered no evidence as to the nature or basis of her claim. In such state of the record, plaintiff failed to prove either a conversion or wrongful sequestration. The Trial Court should have sustained defendant's plea of privilege. Defendant's contentions are sustained. The cause is reversed and judgment rendered transferring the cause to Tarrant County.

Reversed and rendered.