**W.R. GASTON, et al., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A2958.**

Court of Appeals of Texas,
Houston (14 Dist.).

June 17, 1982.

Rehearing Denied July 15, 1982.

Walter Boyd, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston Cochran, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

Appellants William Robert and W.R. Gaston appeal from a judgment ordering forfeiture of a 1977 Toyota seized under the Texas Controlled Substances Act, Tex.Rev. Civ.Stat.Ann. art. 4476–15. The controlling issue in this case is whether the State's burden of proving that a vehicle is subject to forfeiture pursuant to the Texas Controlled Substances Act includes proving knowledge or consent by the owner of the vehicle. We also must decide (1) whether a party's bare assertion of ownership of a vehicle establishes true ownership in one other than the record owner and (2) whether a community property vehicle is subject to forfeiture even though one spouse had no knowledge of and did not consent to a third party's use of the vehicle in violation of the statute.

Ray Rousett, an investigator for the Texas Department of Public Safety working in an undercover capacity, was introduced by Raymond Hafgar to William Robert Gaston (hereafter referred to as William), who offered to sell Rousett a half pound of cocaine for $2100 per ounce. The three men agreed that Rousett and Hafgar would wait at Hafgar's apartment while William went to get the cocaine. An hour or so later, William arrived at the apartment in a 1977 Toyota (which was further identified at the hearing by its registration number), went into the apartment, and produced a paper bag containing an half ounce of cocaine, the amount being less than that agreed upon because of a misunderstanding by William's unnamed "connection." The deal was renegotiated and a price of $525 for the half ounce was agreed upon. According to a prearranged signal, when Rousett walked outside to his car to get his money, other officers entered and arrested William while he was weighing the cocaine. The Toyota was seized and impounded. Donald Gene Cohen, a sergeant in the Texas Department of Public Safety Narcotics Division, testified that he inquired who owned the Toyota and William "replied that it was his, that it was in his father's name for insurance purposes." The State (plaintiff below and appellee in this court) filed notice of seizure and intended forfeiture on June 1, 1981, alleging that the vehicle in question was used by William to transport cocaine, a controlled substance, for delivery. The State alleged that William is the true owner and his father, W.R. Gaston, is the record owner of the 1977 Toyota. Appellants filed a response which includes denials that William is the true owner of the vehicle and that he used the vehicle to transport cocaine for delivery. Attached to appellants' response is W.R. Gaston's affidavit stating he is the sole legal owner of the vehicle and, if the vehicle was used to transport cocaine for delivery, it was so used without his knowledge, approval, or consent. After hearing held on June 22, 1981, an order of forfeiture was signed on July 2, 1981. Because we hold that the State's burden of showing that a vehicle is subject to forfei-

ture pursuant to the Texas Controlled Substances Act does not require a showing of knowledge or consent by the owner of the vehicle, we affirm the judgment of the trial court.

 After submission of this appeal on oral argument, appellants have abandoned all other points of error and rely solely on their contention that the State failed to prove beyond a reasonable doubt that the vehicle is subject to forfeiture because the record owner, W.R. Gaston, was not shown to have knowledge of or to have consented to use of the vehicle so as to cause it to be subject to forfeiture. Appellants and appellee direct their arguments at the admissibility of William's statement to Sgt. Cohen and whether the State proved that William is the true owner of the 1977 Toyota. It is undisputed that W.R. Gaston is the record owner of the vehicle. The only evidence as to William's ownership of the vehicle is his statement to Sgt. Cohen. William's out-of-court statement is an admission of a party inconsistent with the position taken at trial and was properly admitted into evidence. *Wenk v. City National Bank*, 613 S.W.2d 345 (Tex.Civ.App.—Tyler 1981, no writ); 1A R. Ray, Texas ·Law of Evidence § 1121–2 (Texas Practice 3d ed. 1980). However, the bare claim of ownership without evidence of the basis or nature of that claim is not sufficient to rebut the presumption of ownership in the record owner. See and compare *Villa v. Alvarado State Bank,* 611 S.W.2d 483 (Tex.Civ.App.— Waco 1981, no writ) with *Long v. Hall,* 389 S.W.2d 683 (Tex.Civ.App.—Waco 1965, no writ). In our opinion the record before us does not show ownership of the Toyota to be in anyone other than the record owner, W.R. Gaston. However, despite the parties' determined arguments on the question of ownership and our conclusion adverse to the State's position on that issue, we do not see that to be the determinative issue in this case. At the time of this forfeiture proceeding, the Texas Controlled Substances Act provided, in part, as follows:

If the owner of the property has filed a verified answer denying that the property is subject to forfeiture then the burden is on the state to prove beyond a reasonable doubt that the property is subject to forfeiture. However, if no answer has been filed by the owner of the property, the notice of seizure may be introduced into evidence as prima facie evidence that the property is subject to forfeiture.

Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 5.07 (b) (Vernon 1976).[1] The State indeed had the burden of showing the vehicle was *subject to forfeiture.* According to the statute, "any conveyance, including aircraft, vehicles, vessels, trailers, and railroad cars, that is used or intended for use to transport for delivery or in any manner facilitate the transportation for delivery" of a controlled substance is "subject to forfeiture." Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 5.03(a)(5). In a separate subsection the statute provides that "[n]o property shall be forfeited under this subchapter by reason of any act established by the owner thereof to have been committed without his knowledge or consent." Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 5.03(b) (Vernon 1976). The statute further provides:

It is not necessary for the state to negate any exemption or exception set forth in this Act ... in any trial, hearing, or other proceeding under this Act, and the burden of going forward with the evidence with respect to any exemption or exception shall be upon the person claiming its benefit.

Tex.Rev.Civ.Stat.Ann. art. 4476.15 § 5.10(a) (Vernon 1976). Although appellants and the State assume in their arguments to this court that the State's burden included proof of the owner's knowledge or consent to the use of the vehicle to transport a controlled substance for delivery, we do not read the statute to make such a requirement. Section 5.03(a) sets forth what conveyances are

---

1. Effective September 1, 1981, § 5.07(b) provides: If the owner of the property has filed a verified answer denying that the property is subject to forfeiture then the burden is on the state to prove by a preponderance of the evidence that the property is subject to forfeiture. . . .

**264**

"subject to forfeiture" without reference to lack of knowledge or consent of the owner. Section 5.03(b) provides a defense and places the burden upon the owner to produce evidence to establish that the act precipitating forfeiture was committed without his knowledge or consent. Furthermore, we think the provision of § 5.03(b) is in the nature of an exception for which § 5.10 also places the burden upon the person claiming its benefit. Therefore, it is not the State's burden to establish knowledge or consent, but the owner must show that the act that subjected the vehicle to forfeiture was committed without his knowledge or consent. This W.R. Gaston did not do; his affidavit does not constitute probative evidence admissible at the hearing, *Lewallen v. Hardin,* 563 S.W.2d 356 (Tex.Civ.App.—Dallas 1978, no writ); he did not appear at the hearing. Mrs. W.R. Gaston testified that she owns a community interest in the vehicle and did not consent to or have knowledge of the use of the Toyota to transport cocaine for delivery, but her hearsay testimony that W.R. Gaston did not consent to such use was properly ruled by the trial court to be inadmissible. Community property is not exempt from forfeiture where such property is used by a spouse in a manner which violates the Texas Controlled Substances Act, even though such property is so used by one spouse without the knowledge or consent of the other spouse. *Amrani-Khaldi v. State,* 575 S.W.2d 667 (Tex.Civ.App.—Corpus Christi 1978, no writ). We think the same rule should apply in this case. Therefore, we hold that it was W.R. Gaston's burden, in order to avoid forfeiture of the vehicle, to prove that William used the vehicle without the record owner's knowledge or consent.

We affirm the judgment of the trial court.