Carrol **MITCHELL,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–91–00015–CV.

Court of Appeals of Texas, El Paso.

Nov. 20, 1991.

Mike Herrera, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

FULLER, Justice.

The trial court entered judgment finding that a 1984 Cadillac, a Rolex watch and

$1,683.00 in currency should be forfeited to the State of Texas. We reverse and render.

On February 24, 1990, Renee Belding was the driver and sole occupant of a 1984 Cadillac. She stopped at the U.S. Border Patrol checkpoint in Hudspeth County, Texas. A search revealed traces of cocaine in a potato chip bag. A straw, that could be used to snort cocaine, and $1,683.00 in currency that was tainted with cocaine residue were found in her purse. A Rolex watch was also in her possession.

■ The State sought, and ultimately obtained, forfeiture of the Cadillac, the watch and the currency. In order to obtain such a forfeiture, it was the State's burden to establish, by a preponderance of the evidence, a nexus between the property to be forfeited and the statutorily-defined criminal activity. *Money of the United States in the Amount of $8,500.00 v. State*, 774 S.W.2d 788 (Tex.App.—Houston [14th Dist.] 1989, no writ).[1]

■ In response to the State's forfeiture suit, Appellant Carrol Mitchell filed a verified answer asserting that he was the owner of the Cadillac, the Rolex watch and the $1,683.00 in currency. Appellant also pled that he acquired his interest in the property prior to the commission of the offense; and that he did not know, nor consent to the use of the property in the commission of a felony. By pleading such facts, Appellant raised a defense known as the innocent owner defense allowed by Tex. Code Crim.Pro.Ann. art. 59.02(c)(2). The burden of proof for this defense is placed on the owner of the property. If the owner sustains this burden, the property is not forfeitable. *McDorman v. State*, 757 S.W.2d 905 (Tex.App.—Eastland 1988, writ denied); *Gaston v. State*, 641 S.W.2d 261 (Tex.App.—Houston [14th Dist] 1982, no writ).

Appellant asserts six points of error claiming there was no evidence to support the trial court's order of forfeiture.

The Appellant's testimony provided evidence which clearly established that his interest in the Cadillac and the Rolex watch were acquired prior to Renee Belding's possession of the cocaine. These facts were established through the introduction of exhibits tracing how the assets were acquired. As to the $1,683.00 in currency, the Appellant testified that he sent Renee Belding to California to sell "business assets" to assist his company business in servicing debts owed. He stated that Renee owned no interest in the property sold. Testimony also revealed that the trip to California was made only after Appellant unsuccessfully attempted to sell the items in Dallas. The attempt to sell these items in Dallas, before Renee Belding's trip to California, was corroborated by proof of an ad in the Dallas morning newspapers seeking to sell the Cadillac.

■ The State did not attempt to rebut Appellant's evidence of prior acquisition with either direct or circumstantial evidence. Therefore, there was no evidence from which the trial judge could have concluded that Appellant acquired his interest in the property after Renee Belding's possession of the cocaine. All of the evidence on the issue confirms that Appellant owned the property in question before Renee Belding's infraction. Accordingly, we conclude that Appellant established his prior ownership of the Cadillac, the Rolex watch and the $1,683.00 in currency as a matter of law.

■ Similarly, we conclude that Appellant neither knew nor reasonably should have known of Renee Belding's possession of cocaine. Appellant testified that he never knew her to use drugs and that he did not use or deal in drugs. In addition, there was testimony that Appellant did not tolerate drug usage in his company. Renee Belding confirmed this.

There was no evidence of any criminal record existing as to Appellant or Renee Belding. There was no bad reputation evi-

---

1. Strangely, the trial court ordered forfeiture without ever making an express finding that the seized items were contraband though he made and filed findings of fact and amended findings of facts.

dence as to drug usage or drug dealing by the Appellant or Renee Belding. Appellant was not at the scene of the offense. Without any evidence that Appellant knew or reasonably should have known that Renee Belding would act in a manner which would subject his property to forfeiture, the trier of fact could not find to the contrary. The trial judge, however, rejected all of Appellant's evidence.

The only evidence of probative force verifies Appellant's lack of knowledge. Consequently, we find that reasonable minds could not have differed as to Appellant's lack of knowledge. We hold that Appellant proved this element of the defensive issue as a matter of law.

We find that Appellant satisfied his burden of proving he was an "innocent owner" of the Cadillac, the Rolex watch and the $1,683.00 in currency and, therefore, the State is precluded from obtaining forfeiture of the property. Appellant's points of error asserting there was no evidence to support the forfeiture are sustained.

We reverse the judgment of the trial court and render judgment in favor of Appellant that he recover the 1984 Cadillac, the Rolex watch and the $1,683.00 in currency.