TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00235-CV






Gary Gray, Appellant



v.



State of Texas, Appellee








FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT

NO. A-97-1435-C, HONORABLE DICK ALCALA, JUDGE PRESIDING






 This is an appeal from a judgment of forfeiture. The district court ordered
forfeiture of $1314 in U.S. currency, a Cadillac automobile, and $602 in U.S. currency. See Tex.
Code Crim. Proc. Ann. art. 59.02 (West Supp. 1999). The car and $1314 were owned by and
seized from Gary Gray. The $602 was seized from Dwayne Clemons. (1)

 In four issues, Gray, appearing pro se in this appeal, contends that the seizure and
forfeiture of the $1314 and the vehicle were improper because: (1) the trial court erred when it
denied his innocent owner defense; (2) the forfeiture was in violation of due process because the
car was under a mechanic's lien; (3) the State seized the property during an illegal search; and (4)
the confiscation, in general, was unconstitutional. We conclude that these grounds have no merit,
and we affirm the trial court judgment.

 The record on appeal is slight, and the facts presented are few. On November 20,
1997, officers of the Rio Concho Multi-Agency Drug Enforcement Task Force executed a warrant
for the arrests of Gray and Clemons. They were stopped and arrested in Gray's Cadillac. The
officers seized $1314 from Gray and $602 from Clemons. Officers observed Gray's wife, who
was also present in the car, throwing a rolled-up sock out the passenger window. The sock
contained three bags of cocaine.

 On December 1, 1997, the State filed a notice of seizure and intended forfeiture
of the $1314 and Cadillac automobile seized from Gray and the $602 seized from Clemons. On
December 14, 1998, after a bench trial, the district court found that the seized items were
contraband and ordered that they be forfeited. Gray challenges the forfeiture of the $1314 and
the Cadillac vehicle. The forfeiture of the $602 seized from Clemons is not challenged on appeal.

 Property that is contraband is subject to seizure and forfeiture under chapter 59 of
the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 59.02(a). 
"Contraband" includes property of any nature, including real, personal, tangible, or intangible,
that is used or intended to be used in the commission of any felony under chapter 481 of the Texas
Health and Safety Code, the Texas Controlled Substances Act. See id. art. 59.01(2). The notice
of seizure and intended forfeiture alleged that the moneys and vehicle seized were contraband and
that they were subject to forfeiture because they were used in the commission of a felony under
chapter 481.

 In a forfeiture proceeding, the State must prove by a preponderance of the evidence
that the property seized is contraband and therefore is subject to forfeiture. See State v. $11,014,
820 S.W.2d 783, 784 (Tex. 1991). The State must show probable cause for seizing a person's
property. In this context, probable cause is a reasonable belief that a substantial connection exists
between the property to be forfeited and the criminal activity defined by the statute. See id. 
Here, the court heard evidence and found that the property constituted contraband and directed
that it be forfeited.

 Where, as in this case, no findings of fact and conclusions of law are either filed
or requested, the appellate court must presume that the trial court made all the findings necessary
to support the judgment. See Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83 (Tex.
1992); Lassiter v. Bliss, 559 S.W.2d 353, 358 (Tex. 1977), overruled on other grounds, 763
S.W.2d 768, 770 (Tex. 1989). We must affirm the judgment if it can be upheld on any legal
theory that finds support in the evidence. See Lassiter, 559 S.W.2d at 358. Although the record
is meager, we conclude it is adequate to reach the merits. Therefore, each issue raised will be
addressed on the record that is before us.


Innocent Owner Defense

 In his first issue, Gray argues that he is an "innocent owner" of the Cadillac
because he did not have knowledge of his wife's possession of cocaine. According to an affidavit
filed by the seizing officer, the act giving rise to forfeiture of the car was Gray's use of the vehicle
in the commission of a felony offense, to wit, the transportation of cocaine. Because Gray asserts
the "innocent owner" defense, he bears the burden of proof. See $18,000 in U.S. Currency v.
State, 961 S.W.2d 257, 261 (Tex. App.--Houston [1st Dist.] 1997, no writ). Gray must first
prove that he acquired and perfected his ownership interest in the vehicle before or during the act
giving rise to the forfeiture. See id. There is no dispute that Gray has satisfied the first part of
the defense. The State does not allege otherwise in its notice of seizure and has failed to file a
brief in dispute of any of Gray's contentions. Second, Gray must prove he did not know or could
not reasonably have known of the act giving rise to the forfeiture. See id. The only evidence
before us is the affidavit of the seizing officer. Since appellant participated in the act giving rise
to forfeiture, he cannot be an "innocent owner." See Bochas v. State, 951 S.W.2d 64, 71 (Tex.
App.--Corpus Christi 1997, writ denied) (no evidence shown of lack of knowledge).

 Even if the act giving rise to forfeiture is the commission of a felony by his wife,
Gray has not sustained his burden of proving the innocent owner defense. Although Gray
generally denied in his original answer each of the State's allegations, including that the seized
items are contraband as defined in article 59.01 of the Texas Code of Criminal Procedure, nothing
in the record shows he affirmatively asserted that he had no knowledge of his wife's criminal
activities or should not have reasonably known of them. See id. at 262.

 Assuming, first, that it was his wife's act that gave rise to forfeiture, and further,
that Gray did affirmatively assert his lack of knowledge of his wife's criminal activity, Gray's
innocent owner defense still fails. We are required to assume that the trial court made all
necessary findings to support the judgment. The trial court may have found that the Cadillac was
community property owned by both appellant and his wife. Community property is not exempt
from forfeiture where such property is used by a spouse in a manner that violates the Texas
Controlled Substances Act, even though the property is used by one spouse without the knowledge
or consent of the other spouse. See Bochas, 951 S.W.2d at 67 n.2; Gaston v. State, 641 S.W.2d
261, 264 (Tex. App.--Houston [14th Dist.] 1982, no writ). In any event, Gray did not establish
as a matter of law his "innocent owner" defense. Appellant's first issue is overruled.


Due Process

 In Gray's second issue, he complains that the forfeiture violated his right to due
process because a first and second lien exists on the Cadillac, is a variation on the innocent owner
defense. The Texas Code of Criminal Procedure provides that if an interest holder establishes
facts sufficient to support the innocent owner defense, the holder's interest in the property may
not be forfeited. See Tex. Code Crim. Proc. Ann. art. 59.02(c). The code defines an "interest
holder" as "the bona fide holder of a perfected lien or a perfected security interest in property." 
Id. art. 59.01(4). Any interest a lien holder may have in the Cadillac must be asserted by the
interest holder and not by Gray. Therefore, Gray's second issue is overruled.


Unlawful Search

 In a third issue, Gray contends that the State seized his property pursuant to an
unlawful search. It is clear that the Fourth Amendment applies to evidence offered by the State
at a forfeiture trial. See One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 696-98
(1965). Here, the items in issue were seized pursuant to a search incident to an arrest. The car
was seized based on its use in the commission of a felony, proof of which is based on three bags
of cocaine that were found on the side of the road after being tossed from the car, and based on
money found on Gray and Clemons. Because the items were seized pursuant to a search incident
to the arrest of Gray and Clemons, two of the cases cited by appellant are not on point. See
Caldarera v. State, 504 S.W.2d 914, 915-16 (Tex. Crim. App. 1974) (affidavit for search warrant
based on hearsay failed to state probable cause); Stoddard v. State, 475 S.W.2d 744, 752 (Tex.
Crim. App. 1972) (search warrant was insufficient to justify search of automobile).

 According to the affidavit of the seizing officer, Gray and Clemons were searched
pursuant to an arrest warrant. There is nothing in the record to support Gray's contention that
the warrant was not valid. In the absence of any showing that the arrest warrant was not valid,
we will assume its validity.

 Further, Gray contends that the seizure of the money on his person exceeded the
limits of a search incident to arrest. In support, he cites Nicholas v. State, 502 S.W.2d 169 (Tex.
Crim. App. 1973) (seizure of film negatives exceeded limits of search incident to arrest). This
case is distinguishable from Nicholas in that the negatives seized in that case were beyond the
defendant's area of immediate control. Here, the items were located on Gray's person and thus
were within his immediate control. It is well settled that an arresting officer may search a person
incident to an arrest. Even the authority cited by Gray concludes that "the scope of a search
[incident to arrest] is limited to 'a search of the arrestee's person and the area within his
immediate control.'" Id. at 171 (quoting Chimel v. California, 395 U.S. 752 (1969)). 
Appellant's third issue is overruled.


Constitutionality

 Appellant argues that it was unconstitutional for the State to seize and forfeit his
personal property. In support, appellant points out that the purpose of the Confiscation Acts of
1861 and 1862 was to suppress the rebellion, also known as the Civil War. See Semmes v. United
States, 91 U.S. 27 (1875). Appellant also cites the Confiscation Cases reported in 19 L. Ed. 196
(1869). These cases speak to confiscation by the federal government and not the states. In
addition, none of these cases holds that forfeiture under these circumstances is unconstitutional. 
Accordingly, appellant's fourth issue is overruled.

 The judgment of the district court is affirmed.



 


 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: November 4, 1999

Do Not Publish

1. A statutory proceeding for forfeiture of personal property is one in rem against the property
itself and not one in personam against the owner of the property seized. See State v. Rumfolo,
545 S.W.2d 752, 754 (Tex. 1976). This case was originally styled The State of Texas vs. One
Thousand, Three Hundred Fourteen Dollars in U.S. Currency; One Cadillac Automobile; Six
Hundred Two Dollars in U.S. Currency. 


t issue is overruled.


Due Process

 In Gray's second issue, he complains that the forfeiture violated his right to due
process because a first and second lien exists on the Cadillac, is a variation on the innocent owner
defense. The Texas Code of Criminal Procedure provides that if an interest holder establishes
facts sufficient to support the innocent owner defense, the holder's interest in the property may
not be forfeited. See Tex. Code Crim. Proc. Ann. art. 59.02(c). The code defines an "interest
holder" as "the bona fide holder of a perfected lien or a perfected security interest in property." 
Id. art. 59.01(4). Any interest a lien holder may have in the Cadillac must be asserted by the
interest holder and not by Gray. Therefore, Gray's second issue is overruled.


Unlawful Search

 In a third issue, Gray contends that the State seized his property pursuant to an
unlawful search. It is clear that the Fourth Amendment applies to evidence offered by the State
at a forfeiture trial. See One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 696-98
(1965). Here, the items in issue were seized pursuant to a search incident to an arrest. The car
was seized based on its use in the commission of a felony, proof of which is based on three bags
of cocaine that were found on the side of the road after being tossed from the car, and based on
money found on Gray and Clemons. Because the i