COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-130-CV
 
LATISKA HOPKINS           
           
           
           
           
           
      APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
           
     STATE
------------
FROM THE 78
TH DISTRICT COURT OF WICHITA
COUNTY
------------
MEMORANDUM OPINION(1)
------------
I. Introduction
Appellant Latiska Hopkins appeals the trial court's decision to grant
forfeiture of her car. In a single issue, Hopkins contends the trial court's
finding that she failed to prove her innocent owner affirmative defense is
against the great weight and preponderance of the evidence. We will affirm.
II. Background Facts
The Texas Regional Drug Task Force seized a 1994 Cadillac Sedan DeVille,
bearing VIN 1G6KD52B7RU307778, from Larry Reed, Jr. following his arrest for
transporting three pounds of marijuana in the Cadillac. The State then
instituted forfeiture proceedings against the vehicle, alleging that it was
contraband under chapter 59 of the Texas Code of Criminal Procedure because it
had been used in the commission of a felony. Tex. Code Crim. Proc. Ann. art.
59.01-.14 (Vernon Supp. 2003). The State named Hopkins, the registered owner of
the Cadillac, as a respondent in the proceedings.
Hopkins did not file an answer in the forfeiture proceeding, but
appeared at trial. She attempted to establish an innocent owner affirmative
defense to the forfeiture under article 59.02(c). See id.
art. 59.02(c). The trial court ultimately entered a judgment of forfeiture, and
Hopkins commenced this appeal.
III. Forfeiture and Innocent Owner Defense
Property that is contraband is subject to seizure and forfeiture under
chapter 59 of the Texas Code of Criminal Procedure. Id.
art. 59.02(a). "Contraband" is defined as property of any nature,
including real, personal, tangible, or intangible, that is used or intended to
be used in the commission of any felony under chapter 481 of the Texas Health
and Safety Code, the Texas Controlled Substances Act. Id.
art. 59.01(2). The offense of possession of three pounds of marijuana is a state
jail felony under the Controlled Substances Act. Tex. Health & Safety Code
Ann. § 481.121(a), (b)(3) (Vernon Supp. 2003).
In a forfeiture proceeding, the State must prove by a preponderance of
the evidence that the property seized is contraband and, therefore, subject to
forfeiture. Tex. Code Crim. Proc. Ann. art. 59.05(b) (Vernon Supp. 2003); Bochas
v. State, 951 S.W.2d 64, 68 (Tex. App.--Corpus Christi 1997, writ denied).
The mandatory language of article 59.05(e) provides that "[i]f the court
finds that all or any part of the property is subject to forfeiture, the judge
shall forfeit the property to the state." Tex. Code Crim. Proc. Ann. art.
59.05(e).
Forfeiture, however, is subject to an "innocent owner"
defense. State v. Southwind Auto Sales, 951 S.W.2d 849,
852 (Tex. App.--San Antonio 1997, no writ); Bochas, 951
S.W.2d at 68; Mitchell v. State, 819 S.W.2d 659, 661 (Tex.
App.--El Paso 1991, no writ). Article 59.02(c) provides:

        An
 owner or interest holder's interest in property may not be forfeited under
 this chapter if the owner or interest holder proves by a preponderance of the
 evidence that the owner or interest holder acquired and perfected the
 interest:
        (1)
 before or during the act or omission giving rise to forfeiture . . . and did
 not know or should not reasonably have known of the act or omission giving
 rise to the forfeiture or that it was likely to occur at or before the time of
 acquiring and perfecting the interest . . . .

Tex. Code Crim. Proc. Ann. art. 59.02(c). This statutory "innocent
owner" defense is available if the owner: (1) acquired and perfected her
interest before or during the act giving rise to the forfeiture; and (2) did not
know or should not reasonably have known of the act giving rise to the
forfeiture or that it was likely to occur at or before the time of acquiring and
perfecting the interest. $18,800 in U.S. Currency v. State,
961 S.W.2d 257, 260 (Tex. App.--Houston [1st Dist.]
1997, no writ). The burden of proving the innocent owner defense is placed on
the owner of the property. Mitchell, 819 S.W.2d at 661
(citing McDorman v. State, 757 S.W.2d 905 (Tex.
App.--Eastland 1988, writ denied) and Gaston v. State, 641
S.W.2d 261 (Tex. App.--Houston [14th Dist.] 1982, no
writ)).
Hopkins does not dispute that the vehicle is "contraband" as
defined in chapter 59 in that it was used in the commission of a felony under
chapter 481 of the Texas Health & Safety Code. See
Tex. Code Crim. Proc. Ann. art. 59.01(2)(B)(i). Instead, she contends that the
trial court's implied findings of fact against her on her innocent owner defense
are against the great weight and preponderance of the evidence. She prays,
however, that we reform the forfeiture judgment by deleting the forfeiture of
the 1994 Cadillac Sedan DeVille. Thus, although Hopkins has framed her issue in
terms of a factual sufficiency challenge, she requests relief available only via
a legal sufficiency challenge. In the interests of justice, we construe
Hopkins's issue as both a factual and legal sufficiency challenge to the trial
court's failure to find for her on her innocent owner affirmative defense.
When the trial court, as the fact finder, makes no findings of fact or
conclusions of law, all findings of fact and conclusions of law are implied in
support of the judgment. Point Lookout West, Inc. v. Whorton,
742 S.W.2d 277, 278 (Tex. 1987); Michel v. Rocket Eng'g Corp.,
45 S.W.3d 658, 668 (Tex. App.--Fort Worth 2001, no pet.). We review the evidence
to support the trial court's implied findings of fact by the same standards we
use to review the evidence to support jury findings, that is, by applying the
legal and factual sufficiency tests. $18,800 in U.S. Currency, 961
S.W.2d at 261.
If an appellant attacks the legal sufficiency of an adverse finding on
an issue on which she had the burden of proof, the appellant must demonstrate
the evidence conclusively established all vital facts in support of the issue. Sterner
v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). The appellant must
overcome two hurdles. Victoria Bank & Trust Co. v. Brady,
811 S.W.2d 931, 940 (Tex. 1991). First, the record must be examined for evidence
that supports the finding, while ignoring all evidence to the contrary. Second,
if there is no evidence to support the finding, then the entire record must be
examined to see if the contrary proposition is established as a matter of law. Id.;
Sterner, 767 S.W.2d at 690.
An appellant's challenge to the factual sufficiency of the evidence to
support the fact-finder's failure to find that the appellant established her
affirmative defense is a "great weight and preponderance" point. In
reviewing an issue asserting that a finding is "against the great weight
and preponderance" of the evidence, we must consider and weigh all of the
evidence, both the evidence that tends to prove the existence of a vital fact as
well as evidence that tends to disprove its existence. Ames v.
Ames, 776 S.W.2d 154, 158-59 (Tex. 1989), cert. denied,
494 U.S. 1080 (1990); Cain v. Bain, 709 S.W.2d 175, 176
(Tex. 1986). So considering the evidence, if a finding is so contrary to the
great weight and preponderance of the evidence as to be manifestly unjust, the
issue should be sustained, regardless of whether there is some evidence to
support it. Watson v. Prewitt, 159 Tex. 305, 320 S.W.2d
815, 816 (1959); In re King's Estate, 150 Tex. 662, 244
S.W.2d 660, 661 (1951).
There are two parts to the "innocent owner" defense. $18,800
in U.S. Currency, 961 S.W.2d at 261. First, the owner must have acquired
and perfected her interest before or during the act giving rise to the
forfeiture. It is undisputed here that, when Reed was arrested on July 24, 2001,
Hopkins owned the Cadillac. Thus, Hopkins established the first prong of the
innocent owner defense.
Second, the owner must not have known or should not reasonably have
known of the act giving rise to the forfeiture, here, Reed's possession of three
pounds of marijuana. Hopkins testified that she did not know of Reed's
possession of the marijuana or that he was using her Cadillac to transport it.
She said Reed was using her vehicle to attend a family reunion with his children
in Brownwood. Reed likewise told the police, at the time of his arrest, that he
was returning from a family reunion in Brownwood.
Hopkins testified, however, that she currently lived with Reed, had
lived with him for the past two years, and was his fiancé of about three years.
She admitted that she knew Reed used marijuana and that she allowed him to use
it in their home. She was not aware of Reed ever carrying marijuana on his
person, did not use it with him, and had no idea where he got his marijuana.
After his arrest, Reed returned to live with Hopkins. He never told her
where he got the three pounds of marijuana police discovered in the Cadillac,
and she never asked him where he got it. Although Hopkins testified that it
"surprised [her] a little bit" that Reed had so much marijuana in the
vehicle, it did not bother her that he said it was all for his personal use.
Hopkins said she and Reed had discussed the possibility that he might be
arrested some day. Hopkins explained that Reed's drug use and legal problems did
not really concern her, that Reed "doesn't really have a drug problems
[sic]", and that it [his arrest and drug use] has no "bearing on when
[they were] going to get married or the rest of [their] lives." Finally,
Hopkins testified that Reed helped her with the family expenses, but said that
his year-old business had not really turned a profit because it was still new.
Hopkins correctly points out that her testimony was neither
contradicted nor impeached. However, her testimony constitutes some evidence on
which the fact-finder, here the trial court, could have determined that Hopkins
should reasonably have known of the act giving rise to the forfeiture, Reed's
possession of three pounds of marijuana. Hopkins lived with Reed, knew he used
marijuana, allowed him to use marijuana in their home, was not concerned with
the amount of marijuana Reed was transporting, and knew he helped her with
household expenses without any visible financial means to do so. Because some
evidence exists supporting the trial court's implied finding of fact that
Hopkins should have known of Reed's possession of marijuana, the trial court did
not err in concluding that appellant was not an innocent owner of the vehicle
under article 59.02(c).
Additionally, we cannot conclude that the trial court's implied finding
that Hopkins should reasonably have known of Reed's possession of the marijuana
is supported by factually insufficient evidence. The trial court is the sole
judge of the weight and credibility of the witnesses and may resolve any
conflict or inconsistencies in the testimony. $19,070.00 v.
State, 869 S.W.2d 608, 612 (Tex. App.--Houston [14th
Dist.] 1994, no writ) (citing Nelson v. Dallas Indep. Sch.
Dist., 774 S.W.2d 380, 382 (Tex. App.--Dallas 1989, writ denied)). The
court of appeals is not a fact finder, and may not pass upon the witnesses'
credibility or substitute its judgment for that of the jury, even if the
evidence would clearly support a different result. $18,800 in
U.S. Currency, 961 S.W.2d at 261. Here, the trial court was free to
disbelieve Hopkins's testimony that she didn't know anything about Reed's
possession of the marijuana when she admitted that she knew he used marijuana,
that she allowed him to use it in their home, that she wasn't concerned when
Reed indicated that the three pounds of marijuana was for his personal use, and
that despite all of this she didn't think Reed had a drug problem. We overrule
Hopkins's sole issue on appeal.
IV. Conclusion
We affirm the trial court's judgment of forfeiture.
 
          
           
           
           
           
           
PER CURIAM
PANEL F: WALKER, J.; CAYCE, C.J.; and DAY, J.
[DELIVERED FEBRUARY 13, 2002]

1. See TEX. R. APP.
P. 47.4.