Latiska Hopkins v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-130-CV

LATISKA HOPKINS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 78
TH
 DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Latiska Hopkins appeals the trial court’s decision to grant forfeiture of her car.  In a single issue, Hopkins contends the trial court’s finding that she failed to prove her innocent owner affirmative defense is against the great weight and preponderance of the evidence.  We will affirm.

II. Background Facts

The Texas Regional Drug Task Force seized a 1994 Cadillac Sedan DeVille, bearing VIN 1G6KD52B7RU307778, from Larry Reed, Jr. following his arrest for transporting three pounds of marijuana in the Cadillac.  The State then instituted forfeiture proceedings against the vehicle, alleging that it was contraband under chapter 59 of the Texas Code of Criminal Procedure because it had been used in the commission of a felony. 
 Tex. Code Crim. Proc. Ann.
 art. 59.01-.14 (Vernon Supp. 2003).  The State named Hopkins, the registered owner of the Cadillac, as a respondent in the proceedings. 

Hopkins did not file an answer in the forfeiture proceeding, but appeared at trial.  She attempted to establish an innocent owner affirmative defense to the forfeiture under article 59.02(c).  
See id.
 art. 59.02(c).  The trial court ultimately entered a judgment of forfeiture, and Hopkins commenced this appeal. 

III. Forfeiture and Innocent Owner Defense

Property that is contraband is subject to seizure and forfeiture under chapter 59 of the Texas Code of Criminal Procedure.  
Id.
 art. 59.02(a). “Contraband” is defined as property of any nature, including real, personal, tangible, or intangible, that is used or intended to be used in the commission of any felony under chapter 481 of the Texas Health and Safety Code, the Texas Controlled Substances Act.  
Id.
 art. 59.01(2).  The offense of possession of three pounds of marijuana is a state jail felony under the Controlled Substances Act.  
Tex. Health & Safety Code Ann. 
§ 481.121(a), (b)(3) (Vernon Supp. 2003).

In a forfeiture proceeding, the State must prove by a preponderance of the evidence that the property seized is contraband and, therefore, subject to forfeiture. 
 Tex. Code Crim. Proc. Ann.
 art. 59.05(b) (Vernon Supp. 2003); 
Bochas v. State
, 951 S.W.2d 64, 68 (Tex. App.—Corpus Christi 1997, writ denied).  The mandatory language of article 59.05(e) provides that “[i]f the court finds that all or any part of the property is subject to forfeiture, the judge shall forfeit the property to the state.”  
Tex. Code Crim. Proc. Ann.
 art. 59.05(e).

Forfeiture, however, is subject to an “innocent owner” defense.  
State v. Southwind Auto Sales
, 951 S.W.2d 849, 852 (Tex. App.—San Antonio 1997, no writ); 
Bochas,
 951 S.W.2d at 68; 
Mitchell v. State
, 819 S.W.2d 659, 661 (Tex. App.—El Paso 1991, no writ).  Article 59.02(c) provides:

An owner or interest holder's interest in property may not be forfeited under this chapter if the owner or interest holder proves by a preponderance of the evidence that the owner or interest holder acquired and perfected the interest:

(1) before or during the act or omission giving rise to forfeiture . . . and did not know or should not reasonably have known of the act or omission giving rise to the forfeiture or that it was likely to occur at or before the time of acquiring and perfecting the interest . . . .

Tex. Code Crim. Proc. Ann.
 art. 59.02(c).  This statutory "innocent owner" defense is available if the owner:  (1) acquired and perfected her interest before or during the act giving rise to the forfeiture;  and (2) did not know or should not reasonably have known of the act giving rise to the forfeiture or that it was likely to occur at or before the time of acquiring and perfecting the interest. 
$18,800 in U.S. Currency v. State
, 961 S.W.2d 257, 260 (Tex. App.—Houston [1
st
 Dist.] 1997, no writ).  The burden of proving the innocent owner defense is placed on the owner of the property.  
Mitchell,
 819 S.W.2d at 661 (citing 
McDorman v. State,
 757 S.W.2d 905 (Tex. App.—Eastland 1988, writ denied) and 
Gaston v. State
, 641 S.W.2d 261 (Tex. App.—Houston [14
th
 Dist.] 1982, no writ)).

Hopkins does not dispute that the vehicle is “contraband” as defined in chapter 59 in that it was used in the commission of a felony under chapter 481 of the Texas Health & Safety Code.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 59.01(2)(B)(i).  Instead, she contends that the trial court’s implied findings of fact against her on her innocent owner defense are against the great weight and preponderance of the evidence.  She prays, however, that we reform the forfeiture judgment by deleting the forfeiture of the 1994 Cadillac Sedan DeVille.  Thus, although Hopkins has framed her issue in terms of a factual sufficiency challenge, she requests relief available only via a legal sufficiency challenge.  In the interests of justice, we construe Hopkins’s issue as both a factual and legal sufficiency challenge to the trial court’s failure to find for her on her innocent owner affirmative defense.

When the trial court, as the fact finder, makes no findings of fact or conclusions of law, all findings of fact and conclusions of law are implied in support of the judgment.  
Point Lookout West, Inc. v. Whorton
, 742 S.W.2d 277, 278 (Tex. 1987); 
Michel v. Rocket Eng’g Corp.
, 45 S.W.3d 658, 668 (Tex. App.—Fort Worth 2001, no pet.).  We review the evidence to support the trial court's implied findings of fact by the same standards we use to review the evidence to support jury findings, that is, by applying the legal and factual sufficiency tests.  
$18,800 in U.S. Currency, 
961 S.W.2d at 261.

If an appellant attacks the legal sufficiency of an adverse finding on an issue on which she had the burden of proof, the appellant must demonstrate the evidence conclusively established all vital facts in support of the issue. 
Sterner v. Marathon Oil Co.
, 767 S.W.2d 686, 690 (Tex. 1989).  
The appellant must overcome two hurdles.  
Victoria Bank & Trust Co. v. Brady
, 811 S.W.2d 931, 940 (Tex. 1991).  First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary.  Second, if there is no evidence to support the finding, then the entire record must be examined to see if the contrary proposition is established as a matter of law. 
Id.
; 
Sterner
, 767 S.W.2d at 690.

An appellant’s challenge to the factual sufficiency of the evidence to support the fact-finder’s failure to find that the appellant established her affirmative defense is a “great weight and preponderance” point.  In 
reviewing an issue asserting that a finding is "against the great weight and preponderance" of the evidence, we must consider and weigh all of the evidence, both the evidence that tends to prove the existence of a vital fact as well as evidence that tends to disprove its existence.  
Ames v. Ames
, 776 S.W.2d 154, 158-59 (Tex. 1989), 
cert. denied
, 494 U.S. 1080 (1990); 
Cain v. Bain
, 709 S.W.2d 175, 176 (Tex. 1986).  So considering the evidence, if a finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust, the issue should be sustained, regardless of whether there is some evidence to support it.  
Watson v. Prewitt
, 159 Tex. 305, 320 S.W.2d 815, 816 (1959); 
In re King's Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

There are two parts to the "innocent owner" defense.  
$18,800 in U.S. Currency, 
961 S.W.2d at 261.
 First, the owner must have acquired and perfected her interest before or during the act giving rise to the forfeiture.  
It is undisputed here that, when Reed was arrested on July 24, 2001, Hopkins owned the Cadillac.  
Thus, Hopkins established the first prong of the innocent owner defense.

Second, the owner must not have known or should not reasonably have known of the act giving rise to the forfeiture, here, Reed’s possession of three pounds of marijuana.  Hopkins 
testified that she did not know of Reed’s possession of the marijuana or that he was using her Cadillac to transport it. She said Reed was using her vehicle to attend a family reunion with his children in Brownwood.  Reed likewise told the police, at the time of his arrest, that he was returning from a family reunion in Brownwood.

Hopkins testified, however, that she currently lived with Reed, had lived with him for the past two years, and was his fiancé of about three years.  She admitted that she knew Reed used marijuana and that she allowed him to use it in their home.  She was not aware of Reed ever carrying marijuana on his person, did not use it with him, and had no idea where he got his marijuana. 

After his arrest, Reed returned to live with Hopkins.  He never told her where he got the three pounds of marijuana police discovered in the Cadillac, and she never asked him where he got it.  Although Hopkins testified that it “surprised [her] a little bit” that Reed had so much marijuana in the vehicle, it did not bother her that he said it was all for his personal use.  Hopkins said she and Reed had discussed the possibility that he might be arrested some day. Hopkins explained that Reed’s drug use and legal problems did not really concern her, that Reed “doesn’t really have a drug problems [sic]”, and that it [his arrest and drug use] has no “bearing on when [they were] going to get married or the rest of [their] lives.”  Finally, Hopkins testified that Reed helped her with the family expenses, but said that his year-old business had not really turned a profit because it was still new.

Hopkins correctly points out that her testimony was neither contradicted nor impeached.  However, her testimony constitutes some evidence on which the fact-finder, here the trial court, could have determined that Hopkins should reasonably have known of the act giving rise to the forfeiture, Reed’s possession of three pounds of marijuana.  Hopkins lived with Reed, knew he used marijuana, allowed him to use marijuana in their home, was not concerned with the amount of marijuana Reed was transporting, and knew he helped her with household expenses without any visible financial means to do so.  Because some evidence exists supporting the trial court’s implied finding of fact that Hopkins should have known of Reed’s possession of marijuana, the trial court did not err in concluding that appellant was not an innocent owner of the vehicle under article 59.02(c).  

Additionally, we cannot conclude that the trial court’s implied finding that Hopkins should reasonably have known of Reed’s possession of the marijuana is supported by factually insufficient evidence.  The trial court is the sole judge of the weight and credibility of the witnesses and may resolve any conflict or inconsistencies in the testimony. 
$19,070.00 v. State
, 869 S.W.2d 608, 612 (Tex. App.—Houston [14
th
 Dist.] 1994, no writ) (citing 
Nelson v. Dallas Indep. Sch. Dist.
, 774 S.W.2d 380, 382 (Tex. App.—Dallas 1989, writ denied)).  The court of appeals is not a fact finder, and may not pass upon the witnesses' credibility or substitute its judgment for that of the jury, even if the evidence would clearly support a different result.  
$18,800 in U.S. Currency, 
961 S.W.2d at 261.  Here, the trial court was free to disbelieve Hopkins’s testimony that she didn’t know anything about Reed’s possession of the marijuana when she admitted that she knew he used marijuana, that she allowed him to use it in their home, that she wasn’t concerned when Reed indicated that the three pounds of marijuana was for his personal use, and that despite all of this she didn’t think Reed had a drug problem.  We overrule Hopkins’s sole issue on appeal.

IV. Conclusion

We affirm the trial court’s judgment of forfeiture.

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and DAY, J.

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.